IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:06-CV-120-F

DEBORAH S. TRIPP, )
          Plaintiff, )
)
v. )
) ORDER
BENJI LAMONT COLLINS; )
KELVIN NOBLES; and )
THE TOWN OF VANCEBORO )
          Defendants. )

This matter is before the court on Defendants Kelvin Nobles ("Nobles") and the Town of Vanceboro's ("Vanceboro") Motion for Partial Summary Judgment [DE-13]. On May 17, 2006, Plaintiff Deborah Tripp ("Tripp") initiated this action in the Superior Court of Craven County, North Carolina, asserting claims against Jacqueline Hansley, Benji Lamont Collins ("Collins"), Nobles, and Vanceboro. On June 9, 2006, Defendants Nobles and the Vanceboro filed a Notice of Removal [DE-1] of the action to this court and a Motion for Extension of Time to File Answer [DE-3]. On July, 7, 2006, Nobles and Vanceboro filed an Answer with Jury Demand. [DE-6]. On July 24, 2006, Collins filed his *pro se* Answer to Tripp's complaint. [DE-7]. On September 7, 2006, Tripp filed a Notice of Voluntary Dismissal of Defendant Jacqueline Hansley. [DE-9]. After a period of discovery in which Collins did not participate, Nobles and Vanceboro filed the instant Motion for Partial Summary Judgment on June 15, 2007 [DE-13], and Tripp filed a Response in Opposition on July 5, 2007. [DE-17]. The time for filing a Reply has passed and this matter is now ripe for disposition.

## I. Factual and Procedural Background

On May 21, 2003, Tripp went to visit her mother at her mother's apartment complex. Upon arrival, she was met with shouts from a crowd. Thinking there was a medical emergency, Tripp went to the complex office to see if she could render assistance. At the office, Tripp was informed by a crowd that her mother was a "racist" who had threatened children of the residents. *See* Compl. ¶ 8 [DE-1]. Some members of the crowd also allegedly threatened to kill Tripp's mother. Tripp returned to her mother's apartment and called 911, telling the dispatcher that death threats had been made to her mother. The crowd stayed outside Tripp's mother's apartment yelling similar curses and threats. Soon after, Tripp saw that a police officer had arrived at the complex. Tripp then went to the office to introduce herself to Officer Nobles.

Once in the office, Tripp alleges she was attacked by the office manager, Jacqueline Hansley, with Nobles doing nothing to intervene. Tripp alleges she was thrown over a desk, kicked, and stomped by members of the crowd. Tripp was then arrested by Nobles, but before she was removed from the office, she was kicked again by members of the crowd while in Nobles' custody. Tripp was subsequently charged with one count of assault, but the charge was dropped when Nobles failed to appear at Tripp's court date.

Tripp alleges in her complaint that Nobles negligent by failing to disperse the crowd, failing to protect her when she was faced with a threatening crowd, and for failing to stop the assaults on Tripp once she was in the custody of Nobles. Tripp further alleges that Nobles's arrest of her person was done with malice and, as such, constitutes a claim for malicious prosecution and punitive damages under North Carolina state law.

2

Tripp also argues that by establishing a police force and responding to her 911 call, Vanceboro promised to provide protection to Tripp and that the subsequent failure to protect her constitutes negligence by the town. In addition to her claims for negligence against Nobles and Vanceboro, Tripp also alleged violations of her civil rights by the parties under 42 U.S.C. § 1983.

In the instant Motion for Partial Summary Judgment, Nobles and Vanceboro argue for summary judgment under the North Carolina Public Duty Doctrine for Tripp's negligence claims. As for Tripp's §1983 claims, the defendants assert summary judgment is appropriate because Trip has failed to establish the use of an unconstitutional policy or custom by either party as required by the statute. In her Response, Tripp has conceded her failure to allege an unconstitutional custom or policy by the defendants and, therefore, opposes the defendants' motion on the negligence grounds only.

## II. Analysis

Vanceboro and Nobles have moved for summary judgment on each of Tripp's claims alleged against them. Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-moving party. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the

3

non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

As stated above, Vanceboro and Nobles removed the instant case to this court based on the federal jurisdiction conferred under Tripp's §1983 claim. Since removal, however, Vanceboro and Nobles have alleged, and Tripp has conceded, that there are no grounds upon which a §1983 claim may stand. Therefore, this court finds it appropriate to allow the defendants' motion for partial summary judgment as to Tripp's §1983 claims for violations of her civil rights.

By allowing the defendants' motion for partial summary judgment as to Tripp's §1983 claims, only the state claims against Vanceboro and Nobles for negligence and malicious prosecution, as well as the state claims against defendant Collins for assault, battery, intentional infliction of emotional distress, and punitive damages remain. Pursuant to 28 U.S.C. §1367(c)(3), this court declines to exercise supplemental jurisdiction over these remaining state claims. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995)("District courts enjoy wide latitude in determining whether or not to retain supplemental jurisdiction over state claims when all federal claims have been extinguished."). Accordingly, this court elects to REMAND the remainder of this case to the Superior Court of Craven County, North Carolina.

### III. CONCLUSION

For the foregoing reasons, the Motion for Partial Summary Judgment [DE-13] is

4

ALLOWED as to Tripp's §1983 claims. The remainder of this case is hereby REMANDED to the Superior Court of Craven County, North Carolina. The Clerk of Court is DIRECTED to serve a copy of this order on the Clerk of Superior Court of Craven County, North Carolina.

SO ORDERED. This the 5th day of October, 2007.

JAMES C. FOX
Senior United States District Judge